McFarland, J.,
delivered the opinion of the court.
This action was brought to recover of Blair & Jefferson the amount advanced by the plaintiffs upon 37 bales of cotton consigned to them for sale, less the proceeds of the cotton, it not selling for enough to pay the advances; the balance claimed was $1,782.89 and the interest from 1st of January, 1868. Verdict and judgment were rendered December, 1870, for $1,301.17. A new trial being refused, the defendants have appealed in error.
The defense was, that the plaintiffs failed Lto obey the defendant’s instruction, and were guilty of a want of care and attention to the matter, whereby the defendants lost largely in the sale of the cotton.
There is conflict in the proof, particularly with regard to certain letters claimed by the defendant to have *201 been sent to the plaintiffs instructing them to sell the cotton. The defendant proved that these letters were written and mailed, but the plaintiffs deny having received them. The court instructed the jury, that if the letters were written and mailed, they could be justified in . finding that they had been received unless the proof showed that in fact they had not been received. Of this defendant cannot, and, in fact, does not complain.
The proof in the case is of a character that we cannot reverse the judgment, unless there be error in the chai'ge.
Several propositions were submitted by the defendant’s counsel, to which the Judge replied that the same had already been in substance given in charge to the jury, and he therefore declined to give them again. It is argued that this is error. ¥e cannot agree to this, unless we can see that the defendant’s proposition was a correct one, and had not in fact been previously given, or, unless we could see that the meaning of the charge was so uncertain as to require further explanation, or that the jury have been misled by the action of the Judge.
If the correct proposition had been given by the Judge in substance, he cannot ordinarily be put in error by failing to repeat the same in the language of the counsel.
The charge was in substance, that the plaintiffs were not bound to obey the defendant’s instructions to sell, given after the consignment, and after the plaintiffs had made advances upon the cotton, unless by obey-. *202 ing the instructions the cotton would sell for enough to pay the advances, otherwise the plaintiffs might exercise discretion in selling. This general proposition is sustained by the authorities. Field v. Farrington, 10 Wallace, 141; Brown v. McNare, 14 Peters, 479.
The proof indicates that the plaintiffs pledged the cotton to another firm, or company, for advances made to them. This it seems, to the extent of their interest in it, they might do. Parsons on Contracts, 80; 4 Johnson, 103.
■ The proof seems to establish that the plaintiffs did not lose the right to control the sale, and as the charge of the Circuit Judge holds the plaintiffs bound to the same diligence and obligations to obey instructions as if the pledge had not been made, we do not see that the plaintiffs’ rights are affected by it. Other criticisms are made upon the charge by the Judge, but we cannot regard them as valid.
The affidavit for a new trial is manifestly insufficient. It shows that defendant' went to trial knowing that the deposition referred to was not in the file and without any application for a continuance.
According to well established rules, his affidavit comes too late. The record seems to indicate that the defendant suffered very heavy losses, which might have been avoided by an earlier sale of the cotton, and there are circumstances creating a suspicion that the plaintiffs were not without blame. Yet we are unable to affirm there is error in the charge, and there being evidence to sustain the verdict, and the Circuit Judge having refused to grant a new trial, *203 we cannot, under the rules governing this court, disturb the judgment.
The jury did not give a verdict for the full bal-ance claimed, by several hundred dollars, and, to some extent, have held the plaintiffs liable for the loss on the cotton.
We are constrained to affirm the judgment.